ANNA M. CONKLIN, Respondent, *v.* HORACE E. CONKLIN, Appellant.

The order appealed from is hereby modified by reducing the alimony from $300 a month to $250 a month, payable in quarter monthly installments as provided in the order, such modification to commence on November 1, 1937, and by reducing the allowance for counsel fees and disbursements from $800 to $400, and as thus modified affirmed, without costs.

Hill, P. J., Crapser, Bliss and Heffernan, JJ., concur; McNamee, J., dissents, with an opinion.

McNamee, J. (dissenting). The defendant has an estate of $115,000, is sixty-seven years old, has no other income, and no business. The wife brought an action for separation which was never tried, and she was allowed $1,500 counsel fees. She brought an action for a divorce, and this was uncontested on the merits, and a decree was granted. The only question tried was the amount of defendant's estate and income. Here the wife was again allowed a counsel fee of $1,500. The alimony granted amounted to more than four-fifths of the entire income of the husband. On an application to reduce this alimony, plaintiff's accountant tabulated defendant's property with values, and showed his income to be about $4,600; and for this he was allowed $100. And again the court allowed $700 counsel fee. The court reduced the alimony about $400 a year, thus recognizing to that extent the justice of the application. Some of the papers indicate that the wife had three children to support. But confessedly this is not true now. One son is twenty-two years old, the daughter is married and living with her husband, and the other boy is nineteen. Thus from an income of about $4,600 the husband is directed to pay $3,600 for the support of the wife and the nineteen-year-old boy. He has no other legal obligation of support.

It is not the purpose of alimony to deplete the principal of an estate of a defendant without business or earning capacity; and it may be varied from time to time as circumstances permit or require. It seems to me that approximately half of defendant's income, or $2,300 a year, upon the facts of this case, would be ample provision for the plaintiff and her son. Admittedly the wife has real property worth $18,000, the result of her husband's benefaction; and counsel fee should not be awarded to her against the defendant when he has been successful on his application to reduce the alimony.